**Johnny R. DOVER, Appellant,**

v.

**CASUALTY RECIPROCAL EXCHANGE, Appellee.**

**No. 7671.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1966.

Clayton, Kolander, Moser & Templeton, Amarillo, Clyde L. Hays, Amarillo, of counsel, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

CHAPMAN, Justice.

We believe this suit, when the chaff is weeded out, actually seriously involves only a question concerning the form of judgment that should have been rendered by the trial court in which there is no further pending controversy. The parties will be referred to as in the court below.

Plaintiff filed suit for damages for injuries sustained while an employee of Soft Water Service Company of Amarillo and sought to recover from the defendant, Casualty Reciprocal Exchange, plaintiff's employer's carrier of a policy of workmen's compensation insurance, $35.00 per week for 401 weeks with accelerated payments under Section 15a, Article 8306, Vernon's Ann. Texas Revised Civil Statutes, or alternatively that defendant be given its discount, the court allowing it credit for any installments of compensation that had been paid, and that plaintiff recover $12,250.00 in a lump sum.

The parties subsequently filed a written stipulation in order that plaintiff might prosecute a suit against the third party tort feasor before the termination of the court action. The suit was then settled with a division made as to plaintiff's recovery, the subrogation recovery and the amount plaintiff's attorneys were entitled to recover therefrom.

■ A motion was then filed by defendant for summary judgment, stating the amount recovered by plaintiff and· his attorneys exceeded any amount which could be recovered in the present suit. The computation therein is not challenged, but by unsworn answer to defendant's motion for summary judgment plaintiff asserted additional medical expense, the effect of which

would be that his potential recovery would exceed by $120.16 the credit claimed by defendant. Only unsworn pleading asserted the same, which is insufficient in view of the summary judgment components constituting a part of defendant's motion for summary judgment. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

■ Point 5 contends the attorneys' fees of $4,461.62 and expenses recovered in the claim against the third party should not be included in arriving at the amount to which the compensation carrier is subrogated. The point is not well taken.

Plaintiff was privileged to contract with attorneys for their fee but there still remains one indivisible cause of action prosecuted in the name of the plaintiff, from which the attorneys' fees are derivative. Dow Chemical Company v. Benton, 163 Tex. 477, 357 S.W.2d 565 (1962). Section 6a of Article 8307, Texas Revised Civil Statutes, makes no provision which could be construed as burdening the insurance carrier with any part of the claimant's attorneys' fees. To the contrary, the insurance company may recover its expenses incident to recoupment, " * * * together with a reasonable cost of enforcing such liability." This provision has been held to entitle the carrier to also recover its reasonable attorneys' fees. Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713 (1942); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853 (1950); Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865 (1952); Pan American Insurance Co. v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W. 2d 644 (1961).

If we understand appellant's contention here it is that its attorneys' fees should not be included in the amount of recovery awarded, since the insurance company is entitled to recover their reasonable attorneys' fees in recoupment. If this appears unfair to appellant, the place to change it is not by legislative action through judicial

**308**

decree, but through the legislature which meets every two years.

This brings us to the contention that the judgment should not preclude the right of plaintiff to recover future medical expenses.

 Both parties submitted judgments, with plaintiff's suggested judgment so providing. The trial court refused to enter such judgment but entered a take-nothing judgment for defendant. This contention, as stated by counsel for defendant in oral argument, appears to be "much ado about nothing" for the reason that defendant admitted through counsel in oral argument before this court that it has no objection to a finding that the judgment of the trial court is not res judicata as to the right of plaintiff to bring a suit for future medical compensation after the termination of the present suit, should there be any. We so hold. Article 8307, Sec. 5, Texas Revised Civil Statutes, as amended Acts 1957, 55th Leg., p. 1186, ch. 397, sec. 2; Western Alliance Insurance Company v. Tubbs, 400 S.W.2d 850 (Tex.Civ.App.-Waco, 1965, writ ref'd n. r. e.). The court in the case just cited, held the 1957 amendment to Article 8307 "* * * excludes from the court's jurisdiction expenses for items not furnished before the date of judgment" and " * * * makes the first final award 'or' judgment res judicata as to expenses only up to the date of award." In so holding the court simply followed the plain wording of the 1957 amendment to the effect that the first final " * * * judgment * * * shall not be res judicata of the obligation * * * to furnish or pay for any such items [medical, etc.] after the date of said * * * judgment."

The other points concern the granting of summary judgment for defendant. The transcript shows the judgment submitted by plaintiff himself provided for a summary judgment for defendant but that nothing therein should prejudice any right which might exist thereafter for prosecution for future claims for medical aid, hospital services, nursing, etc. We believe the authorities cited in the preceding paragraph are decisive of the question that the judgment of the trial court is not res judicata as to the right of plaintiff to bring a suit for future medical compensation after the termination of the present suit. That there may be no question about it, and in view of appellant's admission in oral argument, the summary judgment rendered is accordingly reformed to provide that such judgment shall not be res judicata of the right of plaintiff to prosecute his claim for the medical services provided for in such statute. As so reformed, the judgment is affirmed.