Clinton HASTINGS, Appellant,

v.

ROYAL–GLOBE INSURANCE COMPANIES et al., Appellees.

No. 15396.

Court of Civil Appeals of Texas, San Antonio.

April 9, 1975.

Goodstein, Semaan & Bashara, San Antonio, for appellant.

C. G. House, House, Mercer, House, Brock & Wilson, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit by appellant, Clinton Hastings, herein called "Hastings" against appellees, Royal Indemnity Company et al., herein called "Royal," in which Hastings seeks recovery against Royal for legal expenses incurred by him in defending a damage suit. Hasting asserts that Royal breached his contractual obligation to him in wrongly refusing to defend a lawsuit brought against him and Max Martinez Funeral Home, Inc., herein called "Martinez," by Jose Rangel, herein called "Rangel," for personal injuries sustained by Rangel in a collision. Royal was the insurance carrier for Martinez. Royal filed a plea in abatement asking that the Hastings' suit to be dismissed asserting: (a) that Hastings could not maintain the suit against Royal without first establishing a cause of action and obtaining a judgment against Martinez, because of the provisions of Rule 51, Texas Rules of Civil Procedure (1967);[1] (b) that Hastings' cause of action was barred by the two year statute of limitations. The trial court sustained Royal's plea in abatement and dismissed the suit.

Hastings, in his suit against Royal, alleges that on or about August 8, 1972, he was named as a party defendant in Cause No. F–251,564 in the District Court of Bexar County, styled Jose Rangel v. Max Martinez Funeral Home, Inc., et al; that said lawsuit arose from an accident and transaction in which Hastings was acting as an employee of Martinez; that Martinez and his employees, including Hastings, were covered by an insurance policy issued by Royal in which policy Royal contracted to provide a legal defense, including the services of an attorney, in the event Hastings as an employee was sued; that Hastings made demand upon Royal to provide him with a defense in such suit, but Royal declined and refused to do so; that because of such refusal, Hastings was required to obtain the services of an attorney to represent him and defend his interests and agreed to pay such attorney reasonable attorney's fees. Judgment in the amount of such attorney's fees is sought.

Royal generally denied Hastings' allegations; denied that Hastings was an employee of Martinez on June 21, 1972, the date of the accident, and asserted that Hastings was an independent contractor acting on his own behalf. Royal further pleaded that although Hastings was a party defendant to the Rangel suit, a non-suit was taken as to him before the case was completed, but that it was necessary for Rangel to prove that Hastings was an employee of Martinez on the day of the accident; that all the issues and facts alleged by Hastings relative to Hastings being an employee of Martinez have been fully litigated and adjudicated adversely to Hastings in the Rangel suit; that the judgment in the Rangel case is in full force and effect and that as a result of the findings in the Rangel suit as to the employer-employee relationship, Hastings is now estopped by judgment to reassert and retry

---

1. Rule 51, Tex.R.Civ.P. (1967):
   "Rule 51. Joinder of Claims and Remedies
   (b) Joinder of Remedies. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged. . . ."

such issue; that the judgment in the Rangel suit was res judicata to Hastings' present action.

The record contains the pleadings on which Rangel went to trial in the Rangel v. Martinez et al case. In such petition, Rangel alleges, among other things, that on or about the 21st day of June, 1972, he was injured in a collision involving an automobile being driven by him in which he suffered personal injuries; that at the time of the collision, Hastings was acting in the scope of his employment and in the furtherance of the business of his employer, Martinez; that Hastings and Martinez were guilty of various acts of negligence which were the proximate causes of the accident in question and resulting damages suffered by Rangel. Judgment is sought both jointly and severally against Martinez and Hastings.[2]

Hastings asserts two points of error: (1) the trial court erred in sustaining the plea in abatement of the appellees; and (2) the trial court erred in dismissing the case.

■ The burden of proof is upon the party presenting a plea in abatement to sustain his plea by competent evidence. The mere averment of facts set up in the plea, not supported by proof, is insufficient, unless the truth of the matter alleged appears from the plaintiff's petition. 1 Tex.Jur.2d, Abatement and Revival, Section 94 (1959).

Royal's plea in abatement is based solely on two grounds: (1) under the provision of Rule 51, *supra,* plaintiff cannot sue the liability carrier of Martinez directly without first establishing its cause of action against Martinez and obtaining a judgment against Martinez; (2) plaintiff's cause of action is barred by the two year statute of limitations.

We will first consider Royal's contention that Hastings' suit is barred by the two year statute of limitations. In support of such contention, Royal asserts that the accident made the basis of the Rangel suit occurred on June 21, 1972; that the pleadings on which Hastings went to trial in the case before us (Plaintiff's Second Amended Original Petition) was filed on July 16, 1974, which is in excess of two years from the date of the Rangel accident.

■ Hastings' suit against Royal is based upon a contract in writing and comes within the provisions of the four year statute of limitations rather than the two year statute. The general rule is well established that claims for indemnity for losses under insurance policies are based on contracts in writing within the meaning of the four year statute of limitations. Universal Life and Accident Insurance Company v. Shaw, 139 Tex. 434, 163 S.W. 2d 376 (1942); Franco v. Allstate Insurance Company, 505 S.W.2d 789 (Tex.1974). Furthermore, even if we assume that the two year statute of limitations applies to the present suit, it would still not be barred. It appears from the record that the Rangel accident occurred on June 21, 1972, but that no suit was brought by Rangel against either Martinez or Hastings until August 8, 1972. It appears from the record that Hastings' second amended original petition in the herein suit was filed on July 16, 1974, a period of less than two years from August 8, 1972,[3] and Hastings' cause of action against Rangel did not commence in any event before August 8, 1972. The date of the Rangel accident is not the controlling date. The statute of limitations begins to run when the cause of action arises. A legal injury must be sustained before a cause of action arises. Atkins v. Crosland, 417 S.W.2d 150 (Tex. 1967); Green v. Helmcamp Insurance Agency, 499 S.W.2d 730 (Tex.Civ.App.—

2. There are other parties defendant.

3. The record does not contain Hastings' original petition filed in this cause, but

there is some indication in the record that it was filed on April 16, 1974, which is less than two years after the date of the Rangel accident.

Houston [1st Dist.] 1973, writ ref'd n. r. e.). Royal's plea of limitation cannot be sustained.

■ As its' other ground for the plea in abatement, Royal asserts that under the provisions of Rule 51, *supra,* plaintiff cannot sue the insurance carrier (Royal) without first establishing his cause of action against Martinez and obtaining a judgment against Martinez. In support of this contention, Royal contends that Hastings was not an employee of Martinez and that this fact has been established by the finding of the jury in the damage suit of Rangel v. Martinez et al.[4] This finding is of no benefit to Royal in the instant suit and cannot be used against Hastings for the reason that in the Rangel v. Martinez et al suit, a non-suit was taken against Hastings during the trial, and the jury finding is not binding on Hastings and has no effect on him.[5] Royal further contends on this appeal that there is no coverage under the policy as to Hastings for the reason that Hastings was not an employee of Martinez and that Hastings' vehicle was not a covered vehicle under the policy. Royal did not plead or urge this contention in its plea in abatement.

■■ The liability insurance company's duty to defend has been defined by our Supreme Court in Argonaut Southwest Insurance Company v. Maupin, 500 S.W.2d 633 (Tex.1973) as follows: "The petitioner's duty to defend is determined by the allegations of the petition when considered in light of the policy provisions without reference to the truth or falsity of such allegations."

In Heyden Newport Chemical Corporation v. Southern General Insurance Company, 387 S.W.2d 22 (Tex.1965), the Supreme Court said: "We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof."

In Maryland Casualty Company v. Moritz, 138 S.W.2d 1095 (Tex.Civ.App.—Austin 1940, writ ref'd), which was an appeal from a judgment in favor of Moritz for attorney's fees incurred by him in defending a damage suit against him and others, the Court said: "In the instant case, the issue involved depends not upon the ultimate liability, established after trial on the merits, of the insurer for the damages sustained; but upon the provision of the policy wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless, false or fraudulent. In such instance, in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition." [6]

In the case before us, Hastings is not required to establish a cause of action against Martinez before he can maintain a suit against Royal.[7]

4. In answer to one of the special issues, the jury found that on the occasion in question, Hastings was not acting as an employee of Martinez.

5. In answer to one of Hastings' requests for admission, Royal admitted that Royal had an obligation to defend employees of Max Martinez Funeral Home, Inc., who were acting within the scope of their employment but that Hastings was not employee of Martinez.

6. It is to be remembered that Rangel, in his suit against Martinez and Hastings, alleged that at the time of the accident Hastings was an employee of Martinez and acting within the scope of his employment; that Hastings was guilty of various acts of negligence which was the proximate cause of the accident in question and resulting damages sustained by Rangel.

7. In Argonaut Southwest Insurance Company v. Maupin, *supra,* the Court said: "No legal

We have concluded that the trial court erred in granting Royal's plea in abatement and dismissing Hastings' suit. The judgment is reversed and remanded to the trial court with instructions that said cause be reinstated on the docket for trial.

determination of ultimate liability is required before the insurer becomes obligated to defend the suit. . . . The duty to defend does not depend on what the facts are, or

what might be determined finally by the trier of the facts. It depends only on what the facts are alleged to be."