**RELIANCE INSURANCE COMPANY,**
Appellant,

v.

**KRONZER, ABRAHAM & WATKINS,**
Appellee.

No. 17381.

Court of Civil Appeals of Texas, Houston (1st Dist.)

April 5, 1979.

May 17, 1979.

Martin, Sperry & LeBoeuf; Edward J. Mahar, Houston, for appellant.

Kronzer, Abraham & Watkins, Dale Friend, James E. Robinson, Houston, for appellee.

COLEMAN, Chief Justice.

The Reliance Insurance Company intervened in a lawsuit seeking recovery of damages for personal injuries to recover the amount of the worker's compensation benefits it had paid to the plaintiff as authorized by Article 8307, Section 6a, Texas Revised Civil Statutes Annotated. The damage suit was settled for a sum greatly in excess of the total amount of compensation and medical benefits paid by Reliance, and the judgment awarded Reliance the sum of $33,-162.53 less 25% thereof which was awarded to Kronzer, Abraham & Watkins, as attorneys' fees. The Reliance Insurance Company appeals from that portion of the judgment awarding attorneys' fees on the ground that the amendment to Article 8307, Section 6a, supra, authorizing the trial court to award such attorneys' fees, was not in effect by reason of Article 8309, Section 3b, Texas Revised Civil Statutes Annotated, on the date that the worker's compensation claimant filed his claim for compensation.

Chester Gilson was injured on July 11, 1973. He filed notice of injury and claim for compensation with the Industrial Accident Board on August 3, 1973. Reliance Insurance Company made payments of compensation to Gilson between that date and September 1, 1973, the effective date of the amendment to Article 8307, Section 6a, supra, the total of such payments being $294.00.

The award of the Industrial Accident Board on Gilson's compensation claim was made by way of a compromise settlement agreement on October 25, 1974. Gilson filed a third party action for damages on October 17, 1974. Reliance Insurance Company intervened in that suit seeking recovery of the amount it had paid as compensation under the worker's compensation law. A compromise settlement agreement was entered into by all parties to the damage suit in which all claims were compromised and settled, with the exception of a dispute between the plaintiff's attorneys and Reliance. After a full hearing, the trial court entered a judgment approving the compromise settlement agreement and ordering that Reliance Insurance Company be paid its full subrogation interest out of the settlement, except for 25% of that amount, which was awarded by the court to the firm of Kronzer, Abraham & Watkins.

Senate Bill 283 enacted by the 63rd Legislature at its regular session provided for extensive revisions to Articles 8306, 8307, 8308, and 8309 of the Revised Civil Statutes of Texas, commonly known as the Texas Workmen's Compensation Act. Section 6a, of Article 8307, supra, was amended so as to permit an injured employee to proceed against a third person to recover damages for an injury, without first establishing his right to worker's compensation and without waiving his right to such compensation benefits. It continued the existing right of the compensation carrier to be subrogated to the rights of the injured employee, and to enforce in the name of the employee, or in its own name, the liability of a third person for the injury to the employee, and to reimburse itself out of any recovery in such a suit for the payments made to the employee including medical expenses, costs of recovering the judgment, and its attorney's fees expended to that end. A new provision was added providing that when the compensation claimant is represented by an attorney in such a suit for damages, and the carrier's interest is not actively represented by an attorney, the carrier shall pay such fee to the claimant's attorney not to exceed one-third of its subrogation recovery as might be agreed upon between the attorney and the association, or in the absence of such agreement, as allowed by the trial court.

By the same Senate Bill Section 3b, Article 8309, Revised Civil Statutes of Texas, 1925, was amended to read as follows:

(Sec. 3b.) No inchoate, vested, matured, existing or other rights, remedies, powers, duties or authority, either of any employee or legal beneficiary, or of the board, or of the association, or of any other person shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, powers, duties, and authority shall remain and be in

force as under the original law just as if the amendments hereby adopted had never been made . . .

In *Texas Employers' Insurance Association v. Vineyard,* 340 S.W.2d 106 (Tex.Civ. App.—Dallas 1960, writ ref'd n.r.e.) the court in speaking of a bill enacted in 1957 amending Article 8306, supra, says:

In view of the above legislative expressions we think it too plain for argument that our Legislature intended that the 1957 amendment of Art. 8306, [Section] 11, V.A.C.S. should not affect any rights, vested or remedial, with respect to injuries which occurred prior to the enactment of the amendment.

The question of whether the attorneys who represented a deceased employee's beneficiaries, in a suit to establish liability and damages against a third person were entitled to be paid attorney's fees out of the amount set aside to the workmen's compensation insurer was presented in *Simpson v. Texas Employers' Association,* 519 S.W.2d 209 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). In this case, the accident occurred and the suit for damages was filed prior to September 1, 1973, the date on which the amendment to Article 8307, Section 6a, supra, became effective. The case was called for trial on September 10, 1973. The action of the trial court in denying attorney's fees was affirmed on the ground that the amendment creating the right to attorney's fees out of the subrogation recovery was not retroactive and that "Texas Employers' subrogation interest, in its total amount, was—as of the time of the settlement of the suit at common law, and long prior thereto—inchoate, vested, and substantive" and thus could not be affected by the amendment Section 6a, supra, because of the language of Section 3b, supra.

Section 6a as it existed prior to the amendment was discussed by the Supreme Court of Texas in *Fort Worth's Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865 (1952), and the court held that where compensation has been paid to an injured employee, and he later files suit against the third party tortfeasor, the first money paid to or recovered by the employee belongs to .the compensation carrier. The court also recognized that where the insurance company brings suit and recovers a sum less than that paid by the insurance company to the employee together with the reasonable cost of enforcing the liability, the employee is entitled to nothing. The court further stated that where the employee chooses to receive compensation from his employer's compensation carrier he "bring[s] into play the law which subrogates the compensation carrier to the employee's rights against the third party tort-feasor."

In discussing the language of Section 6a, the Supreme Court noted that there is language in the article indicating that the right of subrogation arises when compensation is claimed by the injured employee, but held that a consideration of the article as a whole makes it clear that the right does not mature until the insurer has paid or assumed to pay compensation. *Texas Employers' Insurance Association v. Brandon,* 126 Tex. 636, 89 S.W.2d 982 (1936).

The Supreme Court again recognized the rule that when a claimant elects to proceed under the workmen's compensation statute and qualifies for award thereunder, the cause of action of the compensation carrier does not accrue against the third party until the amount of the award made by the Industrial Accident Board is paid by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. When either of these events occurs the cause of action matures against the third party and the statute of limitations begins to run. *Campbell v. Sonford Chemical Company,* 486 S.W.2d 932 (Tex.1972).

■ It is not necessary that compensation has been paid or assumed to be paid for a right to subrogation to exist. However, this right will not mature until such payment or assumption has occurred. As a result, under the former law, the court held that where an event occurred causing injury to an employee under circumstances giving rise to a possible cause of action against a third party, and the employee settled his

claim against such third party before proceeding with his claim for compensation insurance, he destroyed the insurance carrier's right to subrogation and, therefore, his right to recover compensation was lost. *Warneke v. Argonaut Insurance Company*, 407 S.W.2d 834 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.).

Prior to the 1973 amendment to Section 6a it contained no provision which could be construed as burdening the insurance carrier with any part of the compensation claimant's attorneys' fees. On the contrary, the insurance company was entitled to recover its expenses incident to recoupment including a reasonable attorneys' fees. *Dover v. Casualty Reciprocal Exchange*, 410 S.W.2d 306 (Tex.Civ.App.—Amarillo, 1966, no writ hist.).

■ Before the enactment of the 1973 amendment, the Reliance Insurance Company had an inchoate or contingent right to recover from negligent third parties all sums that they might be liable to pay to Chester Gilson as workmen's compensation payments together with the reasonable fees required to enforce the liability of such third parties. This right had accrued because of the payments of workmen's compensation benefits to Gilson prior to September 1, 1973. This right clearly came within the provision of Article 8309, Section 3b supra, providing that "no inchoate, vested, matured, existing or other rights . . . shall be in any way affected by any of the amendments herein made . . . ." The trial court was not authorized to charge the insurance company's portion of the damage award with the attorney's fee.

The judgment of the trial court is reformed to eliminate the provision awarding attorneys' fees, and as reformed is affirmed.

WALLACE and PEDEN, JJ., also sitting.