| SCHOOLS | TOTAL ENROLLMENT | BLACK | PERCENT | MEXICAN-AMERICAN | PERCENT | WHITE & OTHERS | PERCENT |
|---|---|---|---|---|---|---|---|
| Wheelock | 390 | 75 | 19.23 | 67 | 17.18 | 248 | 63.59 |
| Williams | 695 | 10 | 1.44 | 30 | 4.32 | 655 | 94.24 |
| Wilson | 203 | 3 | 1.48 | 26 | 12.81 | 174 | 85.71 |
| Wolffarth | 604 | 21 | 3.48 | 521 | 86.26 | 62 | 10.26 |
| Wright | 176 | 3 | 1.71 | 98 | 55.68 | 75 | 42.61 |
| Ballenger | 118 | 20 | 16.95 | 42 | 35.59 | 56 | 47.46 |
| Homebound | 1 | — | — | — | — | 1 | 100.00 |
| TOTAL ELEM. | 16319 | 2068 | 12.67 | 5170 | 31.68 | 9081 | 55.65 |
| Coronado | 1963 | 24 | 1.22 | 91 | 4.64 | 1848 | 94.14 |
| Dunbar | 811 | 262 | 32.30 | 214 | 26.39 | 335 | 41.31 |
| Estacado | 1212 | 688 | 56.77 | 448 | 36.96 | 76 | 6.27 |
| Lubbock | 1251 | 43 | 3.44 | 738 | 58.99 | 470 | 37.57 |
| Monterey | 1980 | 18 | .91 | 63 | 3.18 | 1899 | 95.91 |
| Alderson | 815 | 456 | 55.95 | 326 | 40.00 | 33 | 4.05 |
| Atkins | 985 | 100 | 10.15 | 155 | 15.74 | 730 | 74.11 |
| Evans | 1280 | 10 | .78 | 31 | 2.42 | 1239 | 96.80 |
| Hutchinson | 577 | 81 | 14.04 | 76 | 13.17 | 420 | 72.79 |
| Mackenzie | 876 | 27 | 3.08 | 70 | 7.99 | 779 | 88.93 |
| Matthews | 888 | 7 | .79 | 831 | 93.58 | 50 | 5.63 |
| Slaton | 748 | 95 | 12.70 | 391 | 52.27 | 262 | 35.03 |
| Thompson | 274 | 40 | 14.60 | 184 | 67.15 | 50 | 18.25 |
| Wilson | 745 | 8 | 1.07 | 52 | 6.98 | 685 | 91.95 |
| N.D. & Home. | 49 | 20 | 40.82 | 14 | 28.57 | 15 | 30.61 |
| TOTAL SEC. | 14454 | 1879 | 13.00 | 3684 | 25.49 | 8891 | 61.51 |
| GRAND TOTAL | 30773 | 3947 | 12.83 | 8854 | 28.77 | 17972 | 58.40 |

Robert S. BUTLER and Deana Butler Murray, Plaintiff-Appellant,

v.

The MUTUAL LIFE ASSURANCE CO. OF CANADA, Defendant,

v.

Janis Ann (Butler) LAGAN, Defendant-Appellee.

No. 78–2786

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1979.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Richard Jackson, Dallas, Tex., for plaintiff-appellant.

John O. Jones, Dallas, Tex., for defendant-appellee.

Before GOLDBERG, TJOFLAT and KRAVITCH, Circuit Judges.

GOLDBERG, Circuit Judge:

We affirm the judgment below on the basis of that portion of the district court's able opinion which we have appended. The district court also provided two alternative grounds for its holding; because we do not need to rely on those grounds, we have not reproduced the brief passage of the district court's opinion discussing them.

AFFIRMED.

APPENDIX

In the United States District Court

for the Northern District of Texas

Dallas Division

Robert S. Butler and
Deana Butler Murray

v.

The Mutual Life Assurance
Company of Canada

v.

Janis Ann (Butler) Lagan

Civil Action No. CA–3–76–1480–D

Filed July 6, 1978

MEMORANDUM OPINION AND ORDER

HILL, ROBERT M., District Judge.

This action was instituted by Robert S. Butler and Deana Butler Murray to recover benefits payable under a life insurance policy issued by the defendant, Mutual Life Assurance of Canada, on the life of Robert S. LeSage. Mutual Life subsequently, by way of counterclaim, interplead the controversy concerning recovery of the proceeds of the policy and joined Janis Ann (Butler) Lagan in the action. Mutual Life has since been dismissed from the suit, and the case now involves the claims of Butler, Murray, and Lagan to the benefits payable under the policy. The case has been submitted to this court on an agreed stipulation of the relevant facts. The court has jurisdiction over the parties and the cause of action asserted.

In 1938, Robert LeSage made an application to Mutual Life for a life insurance policy and on January 10, 1939, a policy was issued to LeSage in Ontario, Canada. The policy, which was executed in Ontario, pro-

vided that its provisions were subject to the laws of that province. The designated beneficiary of the policy was initially the estate of Robert LeSage, but on September 16, 1959, LeSage appointed as beneficiary his granddaughter, "Janis Ann Butler," now Janis Ann Butler Lagan. On September 23, 1959, the head office of Mutual Life recorded and filed this appointment. The estate of Robert LeSage did not enjoy any preferred status under Ontario law, and therefore, the appointment of his granddaughter was permissible. Thereafter, in 1976, LeSage attempted to change the named beneficiary under the policy from Lagan to his great-grandchildren, Robert S. Butler and Deana Butler Murray. Mutual Life, however, refused to recognize the change of beneficiary without the consent of Lagan in accordance with the statutory law of Ontario.

Under the applicable Ontario statute, which was pleaded and proved before this court in accordance with Rule 44.1, Lagan, being the granddaughter of LeSage, enjoyed the status of a preferred beneficiary, see, Ont.Rev.Stat. § 164 (1970). The law provided that a preferred beneficiary's right to the benefits of the policy could not be lost by the insured's change of beneficiary unless the preferred beneficiary consented to such change. Lagan has never consented to LeSage's attempted appointment of his great-grandchildren as new beneficiaries. Thus, if Ontario law is applicable, Lagan is entitled to the proceeds of the policy. Despite the policy provision directing the application of Ontario law, plaintiffs Butler and Murray contend that Texas law controls the terms of this policy. The plaintiffs further contend that, under Texas law, LeSage's new designation of beneficiary was effective, there being no direct prohibition to such designation under the Texas Insurance Code, see Tex.Ins.Code art. 3.49–1, § 2 (Vernon 1963). The basis for plaintiffs' argument is Tex.Ins.Code art. 21.42 (Vernon 1963), which provides that the laws of Texas will govern "[a]ny contract of insurance payable to any citizen or inhabitant of this State," where the insurer is doing business in Texas.

The court is of the opinion that art. 21.42 has no application to the policy made the basis of this suit, and, therefore, Ontario law controls. Article 21.42, as interpreted by the Texas Supreme Court and the Fifth Circuit, applies to insurance contracts "made between Texas citizens and insurance companies doing business in Texas, *when and only when* those contracts are made in the course of the company's Texas business," *Howell v. American Live Stock Insurance Co.*, 483 F.2d 1354, 1359 (5th Cir. 1973); *Austin Building Co. v. National Union Fire Insurance Co.*, 432 S.W.2d 697, 701 (Tex.1968). Although it has been stipulated that Mutual Life was doing business during the relevant time period, the policy was not made in the course of the company's Texas business. The evidence establishes that (1) the application for the insurance was signed in Canada; (2) the policy was described as an "Ontario Contract"; (3) the document designating the estate of LeSage as the initial beneficiary was signed by LeSage in Windsor, Ontario; (4) the medical exam of LeSage, upon which the policy was entered, took place in Ontario and was conducted by a Canadian medical doctor; and (5) the policy was executed and issued in Ontario. No events regarding the making of the contract occurred in Texas. Given those facts, art. 21.42, as interpreted by prior case law, has no bearing on this insurance policy.

Accordingly, defendant Lagan is entitled to recover the benefits of the policy interplead into the Registry of this court by Mutual Life, together with interest on such fund. Mutual Life is entitled to the amount of $1,000 as an award of its attorneys' fees and costs to be paid from such fund in accordance with the previous order of this court.

Counsel for defendant Lagan is directed to prepare and submit to the court an ap-

propriate form of judgment, approved as to form by counsel for plaintiffs Butler and Murray. Costs of this action are to be taxed against the plaintiffs.

It is so ORDERED.

Dated this 5 day of July, 1978.