## TEXAS GENERAL INDEMNITY COMPANY, Appellant,

### v.

### Lawrence D. JONES et ux., Appellee.

### No. 6960.

Court of Civil Appeals of Texas, El Paso.

June 4, 1980.

McMahon, Cox, Tidwell, Locke & Bangert, P. C., Jack Q. Tidwell, Odessa, for appellant.

Burnett & Ahders, Associated, Ruff Ahders, Warren Burnett, Odessa, for appellee.

OPINION

OSBORN, Justice.

Texas General Indemnity Company, an intervenor in a third party personal injury case, appeals from an order of the trial Court directing it to pay one-third of its recovery in attorney's fees. We affirm.

Lawrence D. Jones and wife, Velda, sued McAlister Trucking Company and MATCO for damages resulting from injuries Mr. Jones received while in the course of his employment for Tom Brown, Inc. Based upon a jury verdict, a judgment was entered for the Plaintiffs in the sum of $750,000.00. Based upon a stipulation of counsel, the judgment recites that Texas General Indemnity Company has a subrogation interest in the case of $54,140.46. The judgment provides:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Workmen's Compensation carrier, TEXAS GENERAL INDEMNITY COMPANY, Intervenor herein, recover its subrogated interest in the sum of $54,140.46, subject to attorney's fees as set out in separate order.

The order for attorney's fees, which was signed the same day of the judgment, orders Texas General Indemnity Company to pay its counsel $1,804.68 and to pay Plaintiffs' counsel $16,242.14. This meant that the Court ordered one-third of the intervenor's recovery be paid in attorney's fees, one-tenth of which went to counsel for the intervenor and nine-tenths went to counsel for the Plaintiffs.

The carrier appeals, asserting in its one point of error that the trial Court erred in awarding attorney's fees because of the clear and unambiguous terms of a stipulation between the parties. The stipulation between the parties provides in the first paragraph that Texas General Indemnity Company shall be permitted to intervene in the case and assert its subrogation rights. The next paragraph sets forth the amount of compensation benefits and the amount of medical and other necessary expenses incurred by the carrier. There is no dispute as to that part of the stipulation. The last two paragraphs provide:

III.

All parties hereto agree that in the event plaintiff herein recovers judgment in this cause against the defendant, either by settlement and compromise or by the final result of litigation herein, that TEXAS GENERAL INDEMNITY COMPANY, intervenor herein, shall have judgment on its right of subrogation out of first money recovered, in recoupment of the full amount it has paid out to plaintiff under the Workers' Compensation Act of Texas, if the recovery by plaintiff is sufficient, and if not sufficient, then for such lesser amount as is recovered.

IV.

This stipulation, when signed by the attorneys, shall be filed, and will be a part of the record in this cause without further action or participation or attendance at the trial of this cause by an attorney for the intervenor and will be honored if the case is settled or in the preparation, presentation and entry of any judgment in favor of the plaintiff, and intervenor therefore waives any claim for attorney's fees for representing the subrogated workers' compensation insurance carrier in this common law action.

The Appellant asserts that the terms of the stipulation are plain and unambiguous and, having been reduced to writing and filed with the papers as part of the record

as required by Rule 11, Tex.R.Civ.P., should be enforced as written. Thus, it is contended that Texas General Indemnity Company is entitled to recover in full the amount of its subrogation, and that the order for attorney's fees destroys that right.

The Appellees assert the stipulation was only an agreement recognizing the right of the intervenor to recover, if the Plaintiffs were successful in their suit, and, further, agreeing as to the amount claimed by the intervenor. According to the Appellees, the stipulation does not purport to deal with the issue of attorney's fees for Plaintiffs' counsel, and the trial Court properly. ordered fees paid under the statute because the parties had not dealt with that issue in the stipulation. We agree with the Appellees' contention. Prior to the 1973 amendment to Article 8307, section 6a, Tex.Rev. Civ.Stat.Ann., the right of subrogation was provided for and where recovery was had, the court could award the intervenor attorney's fees out of the sum recovered by the plaintiff. *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425 (1950); *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865 (1952).

Following the 1973 amendment, the law still provided that a carrier would recover its "costs," which means attorney's fees, when the carrier was responsible for proceeding with the third party suit. But, the amendment made a radical change in those cases where the injured employee prosecuted the suit with his own attorney. In the latter instance, the carrier no longer would recover attorney's fees, but would be responsible for paying attorney's fees out of the sum recovered by it to the attorney for the claimant who was responsible for the prosecution of the third party suit. See: *Insurance Company of North America v. Stuebing*, 594 S.W.2d 565 (Tex.Civ.App—Fort Worth 1980, writ pending).

In this case, the stipulation provided that the intervenor waives any claim for attorney's fees. The intervenor in this case had no claim for attorney's fees since it did not prosecute the case. The language used in this instance was typical of that found in many stipulations prior to the 1973 amendment. But, it is significant that the parties did in clear language recognize both the right and a way to waive attorney's fees when they chose to address the issue.

We conclude the judgment gave to Texas General Indemnity Company all that the stipulation required. The stipulation provided that "TEXAS GENERAL INDEMNITY COMPANY, intervenor herein, shall have judgment on its right of subrogation out of first money recovered, * * *." The judgment orders that Plaintiffs recover from the Defendant the "sum of $750,-000.00, less $54,140.46 for the subrogated interest of Texas General Indemnity Company, * * *." Since the parties did provide that Texas General Indemnity Company would have judgment on its right of subrogation, and that was in fact ordered in the judgment, the stipulation was enforced. But, since the stipulation did not address the issue of attorney's fees for the claimants' attorneys, the trial Court properly entered an order in accordance with Article 8307, section 6a, Tex.Rev.Civ.Stat.Ann., and decided the amount of the fees to be paid out of the intervenor's recovery, and, further, apportioned such fees between counsel for the two parties, after having determined that counsel for the intervenor did actively participate in the trial of the case. There is no attack on the Court's findings of fact. The attack on the conclusion of law that permits recovery under the statute, in spite of the stipulation, cannot be sustained. Point of Error I is overruled.

The order of the trial Court for attorney's fees is affirmed.