John SHELAK, (Norman Jean Shelak, Personal Representative of the Estate of John Shelak, substituted in the place and stead of John Shelak, deceased), Plaintiff-Appellee,

v.

WHITE MOTOR COMPANY, Defendant,

Transport Indemnity Company, Intervenor-Appellant.

No. 79–2334.

United States Court of Appeals, Fifth Circuit.

Unit A

Feb. 13, 1981.

---

Howard C. McCracken, Jr., Carrollton, Tex., for intervenor-appellant.

Carl Roth, Jones, Jones & Baldwin, Marshall, Tex., for plaintiff-appellee.

Before COLEMAN, RUBIN and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this diversity case, Appellee John Shelak sued White Motor Co. for damages resulting from injuries he sustained in 1972 in the course of his employment. The injuries occurred when a metal step on a truck tractor manufactured by White Motor broke and caused Shelak to fall. Appellant Transport Indemnity Co. (Transport), the workers' compensation carrier for Shelak's employer, had paid a total of $17,307.60 to Shelak for compensation and medical expenses as a result of the injuries. In 1975, Transport moved to intervene, claiming a subrogation interest in any recovery Shelak might obtain from White, along with reasonable costs and attorney's fees, under the provision of the Texas Workers' Compensation Act governing actions against third parties, Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon 1967).[1]

---

1. Until it was amended effective September 1, 1973, art. 8307, § 6a provided:

Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé, then the association shall be

During the trial, the attorneys representing Shelak, White Motor and Transport stipulated that the attorney's fee allowed for Transport's attorney would be $3,500.00, "[s]ubject to verdict in excess of $61,000.00 and further subject to ruling by court as to the "[l]aw regarding fee." Record on Appeal at 28.

The jury returned a verdict of $125,000.00, and White Motor appealed. This court affirmed with respect to liability, but remanded for a new trial on the issue of damages. *Shelak v. White Motor Co.*, 581 F.2d 1155 (5th Cir. 1978). Before the second trial, Shelak and White Motor settled for a lump sum of $150,000.00 plus court costs. Transport then filed a motion in the district court for an award, to be paid out of Shelak's settlement recovery, of a total of $22,445.70—$17,307.60 for compensation and medical expenses, $1,638.10 for out-of-pocket litigation expenses and $3,500.00 for stipulated attorney's fees.

The district court awarded Transport the amount of its subrogation interest for compensation and medical expenses,[2] as well as its claimed litigation expenses. However, it refused to grant Transport's request for attorney's fees. Instead, after considering the respective contribution of counsel for Shelak and Transport to Transport's recovery, the court awarded a fee of $4,615.00 to Shelak's attorneys for their role in protecting Transport's interests.[3] The district

---

subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries....

The statute was amended effective September 1, 1973. The amended statute provides:

Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law.... If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.

*However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (¹⁄₃) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33¹⁄₃%) payable out of the association's part of the recovery....*

*If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33¹⁄₃%) of the subrogation interest....* Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon 1980) (emphasis added).

2. Although the parties stipulated that the amount of Transport's subrogation interest for compensation and medical expenses was $17,307.60, the district court, for reasons unknown to us, actually awarded $17,295.00 for the subrogation interest. However, we need not consider whether Transport was entitled to the additional $12.60, since the only portion of the district court's judgment from which Transport appealed was the attorney's fee award.

3. The district court reasoned that a fee in the amount of one-third of Transport's net recovery was a reasonable fee for representing

court cited Fed.R.Civ.P. 54 and art. 8307, § 6a as authority for its fee award.

The sole issue on appeal is whether the district court erred in awarding an attorney's fee to Shelak's attorneys out of Transport's recovery instead of awarding Transport an attorney's fee out of Shelak's lump sum settlement. Resolution of that issue turns on whether the district court applied the appropriate body of law in making the fee award.

■ Our cases have made it clear that in an ordinary diversity case, state rather than federal law governs the issue of the awarding of attorney's fees. *See, e. g., Perkins State Bank v. Connolly,* 632 F.2d 1306, 1310 (5th Cir. 1980); *Reynolds v. Allstate Insurance Co.,* 629 F.2d 1111, 1116 n.11 (5th Cir. 1980); *United States v. Midwest Construction Co.,* 619 F.2d 349, 352–53 (5th Cir. 1980) (characterizing the issue of awarding attorney's fees as substantive); *Schilling v. Belcher,* 582 F.2d 995, 1003 (5th Cir. 1978); *see also Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n.31, 95 S.Ct. 1612, 1622 n.31, 44 L.Ed.2d 141 (1975); 6 Moore's Federal Practice ¶ 54.-77[2] at 1712–13 (2d ed. 1976). Thus, the discretionary authority granted district courts by Fed.R.Civ.P. 54(d) to award attorney's fees must be exercised within the bounds of applicable state law, and fee awards which contravene state law cannot be upheld on appeal.[4]

■ Transport contends that while the district court attempted to follow Texas law on the attorney's fee issue, it erred by applying the current rather than the pre-amendment version of art. 8307, § 6a. While Shelak concedes that the pre-amend-ment version of art. 8307, § 6a is the applicable Texas law,[5] he argues that the attorney's fee award was authorized under the pre-amendment statute. After considering both versions of the statute and the relevant case law, we are convinced that the district court applied the current version of the Texas statute, and that the court's refusal to award a fee to Transport and its award of a fee to Shelak's attorneys was erroneous under the pre-amendment statute.

Texas precedent makes it plain that the pre-amendment version of art. 8307, § 6a did not authorize an attorney's fee award to plaintiff's counsel out of the workers' compensation carrier's recovery. *Reliance Insurance Co. v. Kronzer, Abraham & Watkins,* 582 S.W.2d 170, 173 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Simpson v. Texas Employers Insurance Ass'n,* 519 S.W.2d 209, 211–13 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n. r. e.); *Dover v. Casualty Reciprocal Exchange,* 410 S.W.2d 306, 307 (Tex.Civ.App.—Amarillo 1966, no writ). Rather, under the pre-amendment statute, the insurance company was entitled to recover expenses incident to recovery of its subrogation interest, including a reasonable attorney's fee, out of the plaintiff's recovery. *Pan American Insurance Co. v. Hi-Plains Haulers, Inc.,* 350 S.W.2d 644, 646 (Tex.1961); *Fort Worth Lloyds v. Haygood,* 246 S.W.2d 865 (Tex.1952); *Smith v. Henger,* 226 S.W.2d 425, 434–35 (Tex.1950); *Traders & General Insurance Co. v. West Texas Utilities Co.,* 165 S.W.2d 713, 716 (Tex.1942); *Reliance,* 582 S.W.2d at 173; *Dover,* 410 S.W.2d at 307. In sharp contrast to the pre-amendment statute, the

---

Transport's interest. It awarded 80% of that fee to counsel for Shelak "since it was primarily through their efforts that recovery has been obtained by [Shelak] and [Transport] in this cause." Record on Appeal at 38.

4. Therefore, Shelak's contention that the district court had the authority to award attorney's fees under Rule 54(d) on the basis of the "common fund" doctrine of federal common law, without regard to the Texas law on attorney's fees, is meritless.

5. Prior to oral argument, Shelak took the position that the current version of art. 8307, § 6a was applicable, and that the fee award was proper under that statute. However, noting the recent decision in *Reliance Insurance Co. v. Kronzer, Abraham & Watkins,* 582 S.W.2d 170 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), Shelak conceded at oral argument that because compensation benefits were paid to him before the effective date of the amendment, the pre-amendment version of art. 8307, § 6a is the applicable Texas law.

current law, in cases in which the carrier is represented by an attorney, allows the court to award an attorney's fee to the plaintiff out of the compensation carrier's recovery of up to one-third of the carrier's subrogation interest. *See Texas General Indemnity Co. v. Jones*, 601 S.W.2d 194, 196 (Tex.Civ.App.—El Paso 1980, no writ); *Insurance Company of North America v. Stuebing*, 594 S.W.2d 565 (Tex.Civ.App.—Ft. Worth 1980, writ ref'd n. r. e.). Thus, it appears that the district court applied the current version of art. 8307, § 6a in awarding a fee to Shelak's attorneys out of Transport's recovery. Because the district court's fee award contravened the pre-amendment Texas statute, which Shelak concedes is the applicable state law, the award was erroneous.

In addition, Transport is entitled under the pre-amendment statute to a reasonable attorney's fee out of Shelak's recovery. In the original trial, all parties signed a stipulation providing that, subject to the court's ruling on the law with respect to attorney's fees, the attorney's fee for Transport's counsel would be $3,500.00. Shelak admits that the purpose and effect of the stipulation was to establish the amount of attorney's fees recoverable by [Transport] out of [Shelak's] recovery, in the event the [c]ourt were to determine that such was appropriate." Brief of Appellee at 16. We conclude that the stipulation with respect to the proper amount of Transport's attorney's fee must be given effect.

Therefore, the judgment of the district court with respect to attorney's fees must be reversed and judgment rendered for attorney's fees against John Shelak in favor of Transport Indemnity Co., in the amount of $3,500.00.

REVERSED AND RENDERED.