## ROCKWOOD INSURANCE COMPANY

v.

## Bill WILLIAMSON.

### Civ. A. No. 6–83–65–E.

United States District Court, N.D. Texas, San Angelo Division.

Nov. 9, 1984.

*Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). A prompt suit against the union will ordinarily be required.

Griffis, Griffis, Whiteside & Woodward, Don W. Griffis, San Angelo, Tex., for plaintiff.

John H. Green, Odessa, Tex., for defendant.

## MEMORANDUM OPINION

MAHON, District Judge.

The defendant, Bill Williamson, was an employee of Haines Pipeline Construction Company (Haines) and was injured during the course of his employment while unloading a caterpillar from a truck owned and operated by Turner Brothers Trucking Company (Turner Brothers). Plaintiff was the workmen's compensation insurance carrier for Haines and paid medical expenses and workmen's compensation benefits to the defendant, in the amount of $57,490.31. Thereafter, the defendant received a judgment against Turner Brothers, for compensation for the accident in the amount of $570,539.40 plus post-judgment interest

and court costs. This amount was paid in full to the defendant by Turner Brothers.

Plaintiff files this action, claiming that it has a right to be reimbursed in full out of the recovery obtained against Turner Brothers. At no time did the plaintiff intervene in the third-party action to enforce its claim. The single issue in this case is whether an insurance company who did not intervene in a suit between the injured employee and the negligent tortfeasor in which judgment was rendered against the negligent tortfeasor can enforce its claim to recover workmen's compensation benefits paid to the injured employee. The question presented calls first for a determination of whether to apply Texas or Oklahoma workmen's compensation law to this action.

When two or more states have contacts with the operative facts of the case, the Court must decide which state law to apply. A federal court exercising diversity jurisdiction is to resolve the choice of law question as would the highest state court where it sits. *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *see also, Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, this Court must apply Texas indicative law in resolving the choice of law question. Article 21.42 of Vernon's Texas Civil Statutes (1981) provides:

> Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

This provision has been interpreted as applying to insurance contracts made between Texas citizens and insurance companies doing business in Texas, but only when those contracts are made in the course of the company's Texas business. *Butler v. Mutual Life Assur. Co. of Canada*, 600 F.2d 532 (5th Cir.1979).

In *General American Life Ins. Co. v. Rodriguez*, 641 S.W.2d 264 (Tex.App.1982), the Court applied Texas law over Missouri law. There, the original group policy was applied for and signed in Missouri. All subsequent amendments were issued and accepted in Missouri. However, "the insured was a resident of Texas, worked in Texas, and was covered the entire time by an insurance policy written for the benefit of Southwestern Bell employees in Texas. Under these facts and circumstances, we believe this is a situation where Article 21.42 ... applies." 641 S.W.2d at 266. *See John-Hancock Mutual Life Ins. Co. v. Schroder*, 349 F.2d 406 (5th Cir.1965) (Texas law applied where a group life insurance policy was written for the benefit of Texas employees but made and executed in Florida between a Florida based employer and a Massachusetts insurance company.)

In the present case, the defendant was a resident of Texas, worked in Texas, and was injured in Texas. His employer, Haines Pipeline, is an Oklahoma corporation with its principal place of business in Oklahoma but doing business in Texas. The workmen's compensation policy was issued in Oklahoma and is governed by Oklahoma workmen's compensation law. The plaintiff, Rockwood Insurance Company, is a Pennsylvania corporation doing business in Oklahoma and Texas. When Williamson was injured, Haines Pipeline filed an employer's injury report with the Oklahoma Worker's Compensation Court and Rockwood paid compensation benefits to Williamson pursuant to the Oklahoma weekly compensation rate then in effect. The Court believes that the facts and circumstances of this case place it within the purview of *General American Life Ins. Co.*, 641 S.W.2d 264, and *John Hancock Mutual Life Ins. Co.*, 349 F.2d 406. Plaintiff is in the business of insuring workers in Texas for accidents occurring in Texas,

and this business is directly related to the insurance policy in question. Therefore, the Court is of the opinion that article 21.42 applies and that Texas law is controlling.

The next question is whether, under Texas law, the plaintiff is entitled to reimbursement for the monies it paid to the defendant for the injuries he received. The plaintiff claims that under Texas law, the carrier obtains a lien upon any recovery by the injured employee from a third-party tortfeasor. Defendant argues that the plaintiff, by not intervening in the third-party action after being given notice of such action, waived its right to reimbursement from the injured employee. In the alternative, the defendant argues that if the plaintiff is entitled to reimbursement, defendant is entitled to expenses and attorney fees for the defendant's recovery in the third-party action.

■ Section 6a of Article 8307 provides in part that "if at the conclusion of a third-party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third-party action shall be applied to reimburse the association for past benefits and medical expenses paid...." The language is clear that the workmen's compensation carrier can recoup the monies paid to an injured employee from any recovery against a negligent third party. In *Capitol Aggregates, Inc. v. Great American Ins. Co.*, 408 S.W.2d 922 (Tex.1966), the Supreme Court of Texas, in discussing section 6a, explained that an injured employee has no right to funds recovered because of liability of a third party until the workmen's compensation carrier is paid in full. To hold otherwise would permit the injured employee to receive double recovery, which is exactly what Section 6a is designed to prevent. 408 S.W.2d at 924; *see also, e.g. Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 795–997 (Tex.1974) (workmen's compensation carrier entitled to recoupment for benefits paid from a judgment against a negligent third party); *Granite State Ins. Co. v. Firebaugh*, 558 S.W.2d 550, 553 (Tex.Civ.App.1977) (injured

employee cannot pursue a third-party claim to its conclusion and then seek workmen's compensation without accounting to the carrier for the amount recovered).

The defendant had recovered from the plaintiff, prior to obtaining a judgment against Turner Brothers, $57,490.31 for medical expenses and workmen's compensation benefits. In the judgment against Turner Brothers, the jury found that the defendant was entitled to $70,899.00 for past medical expenses and $30,000.00 for lost wages. This Court held that the defendant should recover sixty per cent (60%) of the total jury verdict which results in $60,539.40 for past medical bills and lost wages. This amount was paid to the defendant by Turner Brothers. Thus, under Section 6a, plaintiff is entitled to reimbursement for the monies it paid to the defendant that were also paid by Turner Brothers.

■ The Court does not believe that the plaintiff should be deemed to have waived its right to reimbursement because it failed to intervene in the suit between the defendant and Turner Brothers. Section 6a does not speak of intervention when it discusses a carrier's right of reimbursement. Furthermore, the Court has not been able to find a Texas case which holds that if the insurer fails to intervene in the suit between the claimant and the third party, it loses its right of reimbursement. As a matter of judicial economy, courts permit the workmen's compensation carrier to intervene in the claimant's suit against the third party tortfeasor. However, Section 6a is not intended to hinge on whether or not a party intervenes. The Supreme Court of Texas, in *Capitol Aggregates, Inc.*, said that the purpose of Section 6a is:

> to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. See *Consolidated Underwriters v. Kirby Lumber Co.*, Tex.Com.App., 267 S.W. 703. These purposes will not be accomplished if the employee is allowed to retain the proceeds of the settlement in addition to his compensation benefits

which the carrier is only partially reimbursed for what it has paid. 408 S.W.2d at 924. In order to carry out this intent of Section 6a, the party that paid the benefit to the injured employee is entitled to reimbursement from any recovery against a third party and it is immaterial whether that party intervened in the action against the negligent third party. *See Arnett v. General Motors Corp.*, 22 Mich. App. 658, 177 N.W.2d 704 (1970).

■ The Court believes that the result would be the same under Oklahoma law. Section 44 of the Oklahoma Worker's Compensation statute provides in part that "[w]henever recovery against [a third person] is effected without compromise settlement by the employee or his representative, the employer or insurance company having paid compensation under the Worker's Compensation Act shall be entitled to reimbursement...." In *Russell v. Bill Hodges Truck Company, Inc.*, 663 P.2d 724 (Okla.1983), the Supreme Court of Oklahoma held that under Section 44, the insurance carrier was entitled to reimbursement for paid medical benefits and money allowance out of a settlement between the claimant and a third party. *See also, Sharrock v. Perkins*, 297 F.Supp. 1285 (W.D. Okla.1969) (claimant recovers insurer's interest as trustee to the extent of the benefits paid to him).

The defendant argues that under Oklahoma law, a carrier does not have a lien on an amount collected by the employee, nor in the money held in trust for the carrier. Defendant cites *Oklahoma Natural Gas Co. v. Mid-Continent Casualty Co.*, 268 F.2d 508 (10th Cir.1959) as authority for this proposition. Plaintiff is correct in its assertion that while this might have been the law in Oklahoma in 1959, it is no longer the law of Oklahoma. The 1959 version of Section 44 did not have an express provision for reimbursement to the insurer whereas the 1977 version of Section 44 has express language providing for reimbursement.

Defendant further argues that plaintiff's action is barred by the two-year statute of limitations for tort actions. Plaintiff contends that because this is an action in contract based on the insurance policy, the four-year statute of limitations should apply. In the alternative, plaintiff claims that even if the two-year limitation period applies, this suit was timely because it was filed within two years of the commencement of the third-party suit.

Defendant was injured on July 29, 1981 and filed suit against Turner Brothers on February 7, 1982. A judgment was rendered on February 10, 1983. Plaintiff filed this action for reimbursement on November 23, 1983. Defendant would be correct in his assertion that this case is barred by the two-year statute of limitations if the period began on the date of injury. However, such is not the case.

■ Plaintiff's suit is based upon a contract in writing and comes within the four-year statute of limitations rather than the two year statute. The two year statute of limitations, T.R.C.S. Art. 5526, does not include actions for reimbursement by the insurer. Although recovery in this type of action depends upon proof of damages due to the tort of the negligent third party, the cause of action arises by reason of the insurance policy, a written contract. *See Franco v. Allstate Ins. Co.*, 505 S.W.2d 789 (Tex.1974). Furthermore, the date of defendant's injury would not be controlling for purposes of this action. *See Hastings v. Royal Globe Ins. Co.*, 521 S.W.2d 869, 872 (Tex.Civ.App.1975). A legal injury must be sustained before a cause of action arises. *Id.* No cause of action against the defendant arose until after he received a judgment and refused to reimburse the plaintiff for the benefits previously paid. Therefore, assuming that the two-year statute of limitations applies, this action would have been brought within two years of the date of judgment against Turner Brothers, the date when plaintiff was entitled to reimbursement.

■ Because the plaintiff has not intervened in the third-party action, defendant asks that he be granted expenses and attor-

ney fees incurred for defendant's recovery in the third-party action. Defendant claims that it would be not only unjust but also result in a windfall for the plaintiff if the plaintiff is awarded reimbursement without having to bear its part of the burden for obtaining a judgment in the third-party action. Defendant maintains that without this judgment, the plaintiff would not be entitled to reimbursement for the monies it paid to the defendant.

Section 6a provides in pertinent part that:

> when the claimant is represented by an attorney and the association's interest is not actively represented by an attorney ... the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓%) payable out of the association's part of the recovery.

Thus, the carrier who did not participate in the third-party action is responsible for paying attorney's fees out of the sum received by it to the claimant's attorney who was responsible for the recovery in the third-party action. *See Texas General Indemnity Co. v. Jones,* 601 S.W.2d 194, 196 (Tex.Civ.App.1980).

In *Lee v. Westchester Fire Ins. Co.,* 534 S.W.2d 392 (Tex.Civ.App.1976), the Court held as a matter of law that the carrier's interest was actively represented by its attorney in the third-party action. There, the carrier's attorney received the file to determine the proper petition for intervention; filed an original petition in intervention and notified opposing counsel; reviewed the discovery material forwarded to him; and amended the petition in intervention when the injured employee's claim was settled. 534 S.W.2d at 395–96. Here, there is no evidence that the plaintiff's attorney took any part in the third-party action or that its interest was actively represented by its attorney. Therefore, the Court is of the opinion that the defendant is entitled to reasonable fees out of the plaintiff's recovery in accordance with Section 6a. Defend-

ants' attorney claims that he incurred fees in the amount of $19,000.00. Such amount is approximately thirty per cent (30%) of the plaintiff's recovery and would be just and equitable due to the trial and appeal of the third-party action.

In conclusion, the Court holds that the plaintiff is entitled to reimbursement for medical expenses and workman's compensation benefits paid to the defendant and that the defendant's attorney is entitled to recover expenses and attorney fees from the plaintiff for defendant's recovery in the third-party action, payable from the reimbursement proceeds. It is therefore ORDERED that plaintiff receive $57,409.31 and defendant's attorney receive $19,000.00 payable out of the plaintiff's part of the recovery.

A judgment will be entered accordingly.