BAY CASINO, LLC., Plaintiff,

v.

M/V ROYAL EMPRESS, her engines, boilers, tackle, etc., in rem, and Seaco Ltd., Cgg Ltd. # 1 and Belair Financial Services, Inc., in personam, Defendants.

No. 98 CV 2333(SJ).

United States District Court, E.D. New York.

Nov. 26, 1999.

their favor. For reasons detailed below, this Court grants the motion to intervene.

## BACKGROUND

Proposed Interveners were driving along a Florida highway when they were struck by a vehicle driven by Gregory R. Dupie, a minor under Florida law. The proposed complaint alleges that proposed interveners were seriously injured as a result of Dupie's operation of a vehicle on the highway while inebriated. Dupie, a minor, had become inebriated as a passenger on a gambling day cruise aboard the M/V Royal Empress, where he was served liquor and deposited on shore by shipboard personnel who knew or had reason to know that he would operate a motor vehicle after leaving the ship.

## RECENT PROCEDURAL HISTORY

On October 12, 1999, this Court entered an order granting a reduced security in this matter, denying a motion to fully vacate the attachment of the vessel, as well as addressing other pending issues. The vessel is currently under attachment in this Court. On October 20, 1999, this Court denied proposed interveners request to prevent defendants from posting a bond to release the M/V Royal Empress from attachment or to require defendants to provide notice before posting such a bond. On October 29, 1999, this Court denied plaintiff's request for an order to show cause why this Court should not reconsider its recent decisions regarding this case, as well as for other miscellaneous relief.

Burlingham Underwood LLP, by Terry L Stoltz, New York City, for Plaintiff.

Healy & Baillie, LLP, by Michael J. Murphy, Andrew V. Buchsbaum, New York City, for Defendants.

Cappiello, Hoffman & Katz, P.C., by Edward M. Katz, New York City, for Rhodes, Rhodes and Sims, Proposed Intervenors.

## MEMORANDUM & ORDER

JOHNSON, District Judge.

Shedrick J. Rhodes, Monica Rhodes, and LeDawn Sims ("proposed interveners") seek to intervene as plaintiffs in this action under Rule 24(a)(2) of the Federal Rules of Civil Procedure as enhanced by Local Admiralty Rule E.2. They ask this Court to allow them to assert a maritime lien against the M/V Royal Empress, defendant *in rem*, in order to protect any eventual judgment rendered in

## DISCUSSION

### I. Standard for Intervention

Proposed interveners move to join this action under Supplemental Admiralty Rule E(2)(a)[1] and Rule 24 of the Federal

---

1. Rule E(2)(a) provides in pertinent part:
   When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint, and not by filing an original complaint, unless otherwise ordered by a judicial officer. Upon the satisfaction of the re-

quirements of Federal Rule of Civil Procedure 24, the clerk shall forthwith deliver a conformed copy of the complaint to the marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor.

Rules of Civil Procedure. Intervention as of right under Rule 24(a)(2) is granted when an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties. *See, e.g., United States v. New York,* 820 F.2d 554, 556 (2d Cir.1987); *Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir.1984). The intervention application will be denied unless all four requirements are met.

■■ When considering a motion to intervene, the court "must accept as true the non-conclusory allegations of the motion." *Reich v. ABC/York–Estes Corp.,* 64 F.3d 316, 321 (7th Cir.1995). "A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts which could be proved under the complaint." *Id.* at 321 (citing *Lake Investors Dev. Group v. Egidi Dev. Group,* 715 F.2d 1256, 1258 (7th Cir.1983)). Each intervention case is "highly fact specific and tend[s] to resist comparison to prior cases." *Id.* at 321.

## II. Jurisdiction & The Existence of A Maritime Lien

■ As a preliminary matter, the Court will examine the basis for federal jurisdiction in this matter. Proposed interveners assert admiralty jurisdiction under 28 U.S.C. § 1333. Federal jurisdiction under admiralty requires satisfaction of a two-pronged test: (1) the Court must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water; (2) the Court must consider: (a) whether the incident has a "potentially disruptive impact on maritime commerce" based on the "general features of the type of accident involved"; and (b) whether the general character of the activity giving rise to the incident bears a "substantial relationship" to traditional maritime activity. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 534, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995) (citing *Sisson v. Ruby,* 497 U.S. 358, 363, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990)).

■ Proposed interveners allege injuries sustained from a collision with an underage drunk driver who became intoxicated aboard the M/V Royal Empress on a gambling cruise. The alleged negligence, the provision of large amounts of alcohol to an underaged customer attending the gambling cruise, clearly occurred on navigable waters, assuming the facts remain as alleged. As to the second prong, this Court finds merit to the claim that the general features of the accident alleged—alcohol-related injury to a third party by a passenger on the gambling cruise—may well have a disruptive effect on maritime commerce. The popularity of gambling "cruises to nowhere" demonstrates an increasing potential that incidents like that alleged here will be faced both on land and on ship by vessel owners and operators. Finally, there is a "substantial relationship to traditional maritime activity" as courts have recognized that torts aboard entertainment vessels, including cruise ships, sightseeing ships, and casino boats satisfy the traditional maritime activity requirement. *See, e.g., Young* at 834—35, *Palmer v. Fayard Moving & Transportation Corp.,* 930 F.2d 437, 441 (5th Cir.1991); *Butler v. American Trawler Co.,* 887 F.2d 20, 21–22 (1st Cir.1989); *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 207 (1st Cir.1988); *Luby v. Carnival Cruise Lines,* 633 F.Supp. 40, 41 n. 2 (S.D.Fla.1986). Thus, the incident underlying the proposed cause of action satisfies the requirements of admiralty jurisdiction.

■ There is some dispute in this case as to the substantive law that should govern this action. Although federal maritime jurisdiction normally accompanies a finding of admiralty jurisdiction, defendants argue that there is no federal maritime dram shop rule and that application of maritime law is inappropriate here. In support of this argument they cite *Meyer v. Carnival Cruise Lines, Inc.,* 1994 WL 832006 (N.D.Cal. Dec. 29, 1994), a district court decision from the Northern District of California. There, the court found that a plaintiff's lawsuit for inju-

ries sustained after falling over a staircase on a cruise ship were, although governed by United States maritime law, appropriately considered under the State of California's dram shop rule. The court declined to fashion a federal maritime dram shop rule which would impose tort liability on sellers of alcohol for injuries resulting from their sales. 1994 WL 832006 at *4.

Defendants further argue that no maritime tort exists through which proposed interveners could prosecute their claims. However, courts have found that defendants potentially are liable in federal maritime law for providing alcohol without adequate supervision. *See Thier v. Lykes Bros., Inc.*, 900 F.Supp. 864, 866(S.D.Tex.1995)(court finds vessel owners liable for injuries to plaintiff sustained as a result of "failing to monitor alcohol consumption onboard [the ship], fostering a party atmosphere, and failing to prohibit drunk officers from driving" where defendants' chief officer severely injured plaintiff in an automobile accident.) Defendant's argument will not bar a claim of jurisdiction in this case.

In opposition, proposed interveners cite *Young, et al. v. Players Lake Charles, L.L.C., et al.*, 47 F.Supp.2d 832 (S.D.Tex.1999), a recent Texas district court case. There, plaintiffs sued on behalf of themselves and other deceased persons for injuries and fatalities sustained when their vehicle was struck by a vehicle driven by the third-party defendant who allegedly had been gambling and extensively drinking at the casino boat owned and operated by the defendant owners of a riverboat casino. Specifically, it is claimed that the actions of the casino vessel's personnel allowed a passenger to become intoxicated and then did nothing to prevent him from operating a motor vehicle while he was inebriated. In *Young v. Players Lake Charles, L.L.C.*, 47 F.Supp.2d 832, 833 (S.D.Tex.1999), the Court held that admiralty jurisdiction existed against a casino vessel which served excessive amounts of liquor to a passenger

who killed three persons while operating his automobile after departing the ship where the vessel "knew or should have known that (the passenger) was intoxicated and posed a danger to himself and others, including plaintiffs." The plaintiffs in *Players* were, like the Rhodes claimants, "strangers to the vessel."

The *Players* court found that a defendant can be held liable in United States maritime law for providing alcohol without adequate supervision. The court stated that since "there is an existing maritime rule governing the issue of dram shop liability.... there is no need to perform a *Wilburn* analysis [2] to determine whether the Court must apply state dram shop law." *Id.* at 837.

Defendants' argument here that no possibility of a maritime lien exists where the claimants were not themselves passengers is belied by the *Players* decision. The facts of *Players* are similar to those alleged thus far in the instant case and this Court finds the *Players* court's reasoning persuasive in this context. At this time, the Court will not deny the right to intervention for lack of subject matter jurisdiction. The Court finds it appropriate to allow intervention and to make a preliminary finding that federal maritime law may properly govern the proposed cause of action. Thus, the Court finds that it has jurisdiction in admiralty and that federal maritime law may be applied to the proposed cause of action.

## III. Timeliness under Rule 24

Defendants also oppose proposed interveners' claim as untimely under Rule 24(a) of the Federal Rules of Civil Procedure. The Court finds this argument unpersuasive and herein holds the proposed interveners' motion is timely.

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as of right is appropriate where the applicant claims an interest relating to property that is the sub-

---

2. In *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), the Supreme Court addressed the issue of what law to apply in a maritime action where no federal admiralty rule exists on a disputed point. The Court held that in the absence of state law on the issue in dispute, courts may choose to fashion a rule under federal admiralty law. The *Wilburn* court also noted that Congress has historically left regulatory power to the States in the field of maritime torts. *Id.* at 313, 75 S.Ct. 368.

ject of the action, where the disposition of the action will impair or impede the applicant's ability to protect that interest, and where the applicant is not adequately protected by the existing parties.[3] Defendant here alleges the proposed intervention should be denied on the grounds that it is untimely.

■ Whether a motion to intervene is timely depends on "the sound discretion of the trial court from all the circumstances." *See NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Timeliness "defies precise definition, although it certainly is not confined strictly to chronology." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994).

In support of their motion to intervene, proposed interveners cite 46 U.S.C. 763a, which sets a three year statute of limitations for lawsuit for personal injury arising out of maritime tort. The cause of action here accrued on August 7, 1997. Since claimants have filed within the statute of limitations and within a reasonable period after the cause of action accrued, the Court finds proposed interveners' motion to intervene timely. Since proposed interveners allege injury that occurred due to alleged negligence on the M/V Royal Empress, they have clearly claimed an interest in the property that is the subject of the underlying action.

■ Furthermore, since a judicial sale of a vessel by an admiralty court acting in rem divests all liens on the vessel everywhere, *see Morgan Guaranty Trust Co. of New York v. Hellenic Lines Ltd.*, 38 B.R. 987, 991 (S.D.N.Y.1984) (citations omitted), the disposition of this case could potentially impair or impede proposed interveners ability to protect these interests. Further, as proposed interveners allege injuries completely different from those for which relief is sought by plaintiff, and proposed interveners' interests are in no way subsumed within those of plaintiff and defendant, the Court finds that their interests may not be adequately protected by the existing parties. Thus, clear prejudice might result to the applicants should proposed interveners' motion to intervene be denied. Further, what-

ever prejudice that might result to the existing parties by allowing intervention at this point is minimal.

Thus, the Court finds that intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure is appropriate and directs that Shedrick Rhodes, Monica Rhodes, and Ledawn Sims be permitted to intervene in this case.

## CONCLUSION

For the foregoing reasons, the motion to intervene is GRANTED.

SO ORDERED.

---

3.   At this time, the Court finds that the other prongs of Rule 24(a)(2) have been satisfied.