**David WILLIS and Kathy Willis, Plaintiffs,**

v.

**FIRESTONE BUILDING PRODUCTS CO., Defendant.**

**No. CIV. 3:05CV43 (JBA).**

United States District Court, D. Connecticut.

Oct. 19, 2005.

Alan M. Barry, Gregory P. Klein, Alan Barry & Assoc., Danbury, CT, for Plaintiffs.

Matthew Feigenbaum, Cohn, Birnbaum & Shea, Westport, CT, for Defendant.

### RULING ON MOTION TO INTERVENE [DOC. # 15]

ARTERTON, District Judge.

In his complaint, plaintiff David Willis alleges he is a truck driver for Melton Truck Lines, Inc., ("Melton") and that in the course of his employment he was injured due to defendant's negligence. Employer Melton now moves to intervene as a plaintiff as a matter of right under Fed.R.Civ.P. 24(a), or, in the alternative, permissively under Fed. R.Civ.P. 24(b), on the grounds that it paid Willis benefits under the Oklahoma Worker's Compensation Act related to the injuries claimed in this case, and is entitled to a portion of any recovery in Willis' favor. *See* Motion to Intervene [Doc. # 15]. Melton additionally argues that its interests are not sufficiently represented by Willis, notwithstanding the fact that both share an interest in recovery from Firestone, because the Willises have an interest in keeping as large as possible a share of any recovery for themselves and, by implication, an interest in minimizing Melton's reimbursement share. Melton represents that no delay will result from its intervention because the only additional step necessary is for Melton to be served with all the papers in this case.

Firestone opposes Melton's motion to intervene, *see* [Doc. # 16] on the grounds that Melton's interests are adequately represented by the Willises, and that Melton has not shown that its intervention will not unduly delay or prejudice the original parties.

### I. STANDARD

Rule 24(a) provides for intervention of right upon a timely filed motion "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R.Civ.P. 24(a). As stated by the Second Circuit, "[t]o intervene as of right, a movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 128–29 (2001) (internal quotation marks and citation omitted). Under the second prong of the test, for "an interest to be cognizable ... it must be direct, substantial, and legally protectable. An interest that is remote from the subject matter of the proceeding, or that is contin-

gent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Ins. Co.,* 271 F.3d 411, 415 (2d Cir.2001) (internal quotation marks and citations omitted); *see also Restor-A-Dent Dental Labs., Inc. v. Cert. Alloy Prods., Inc.,* 725 F.2d 871, 874 (2d Cir.1984). A party seeking to intervene, however, need not have an independent cause of action to be considered to have an interest within the scope of Rule 24(a). *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 530, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *Forest Conserv. Council v. United States Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir.1995) ("Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established.") (internal quotation marks and citations omitted). The party must show only an interest within the context of the case, and, as required by the third prong of the test, demonstrate that its interest may be impaired by an adverse decision in the case. *Brennan,* 260 F.3d at 132. Under the fourth prong, representation by an existing party is determined to be adequate only if the party's "interests [are] so similar to those of [the intervenor] that adequacy of representation [is] *assured." Id.* at 133 (emphasis added).

"When considering a motion to intervene, the court 'must accept as true the non-conclusory allegations of the motion.'" *Bay Casino, LLC v. M/V Royal Empress,* 199 F.R.D. 464, 466 (E.D.N.Y.1999) (quoting *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7th Cir.1995)). "A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts which could be proved under the complaint. Each intervention case is highly fact specific and tends to resist comparison to prior cases." *Id.* (internal citations and quotation marks omitted).

1. Melton also argues this issue under Connecticut's worker's compensation law, though under Connecticut choice-of-law principles, matters of worker's compensation are governed by the law of the state where the benefits were paid. *See*

## II. DISCUSSION

Melton's property claim, stemming from a state statutory right to reimbursement under Oklahoma worker's compensation law, is the basis for its claimed right to intervene under Rule 24(a)(2). The statute provides:

If [a worker] elects to take compensation under the Workers' Compensation Act, the cause of action against [a third party] shall be assigned to the insurance carrier liable for the payment of such compensation, and if [the worker] elects to proceed against such other person... the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided... by the Worker's Compensation Act for such case.... Whenever recovery against [a third party] is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement...and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee and or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered....

Okla. Stat. tit. 85, § 44(a).[1]

The court in *Carnley v. Aid to Hospitals, Inc.,* 975 F.Supp. 252, 257 (W.D.N.Y.1997), was faced with a situation similar to the present case. An employee sued the third party on whose premises he had been injured and the worker's compensation board moved

*Snyder v. Seldin,* 81 Conn.App. 718, 724, 841 A.2d 701, 705 (2004). Therefore Oklahoma law applies to the issue of whether Melton is entitled to indemnification from Mr. Willis.

to intervene. The court held that the worker's compensation fund had established a property right entitling it to intervene because it had paid the employee over $46,000 for wages and medical expenses, which the plaintiff also sought to recover from the third party business owner. The court held that while the worker's compensation board was not required to intervene to protect its right to recover part of any award received by the employee, it did have a right to intervene "to protect its interest." *Id.* The court further held that the board was "in a much better position to protect [its] interest than any of the other parties." *Id.*

■ Here, defendant does not dispute that under the Oklahoma Worker's Compensation Act Melton has a right to an apportioned part of any recovery David Willis receives. Rather, defendant argues that Melton has failed to show that its interests are not adequately protected by the Willises. Under *Brennan,* representation by an existing party is determined to be adequate only if the party's "interests [are] so similar to those of [the intervenor] that adequacy of representation [is] *assured." Brennan,* 260 F.3d at 133 (emphasis added). As the court held in *Carnley,* the interests of an employee and a worker's compensation board are distinct. The same reasoning applies to an employee and his employer. While Melton and Willis both have an interest in maximizing recovery, they do not have identical interests, because each competes for a portion of a fixed recovery amount.

For this reason, Melton is entitled to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2).

## III. CONCLUSION

Accordingly, Melton's Motion to Intervene [Doc. # 15] is GRANTED and the Clerk is directed to docket Melton's Intervening Complaint. The schedule ordered in this case [Doc. # 10] remains unchanged in light of Melton's representation that its intervention will cause no delay.

IT IS SO ORDERED.